IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| SWAREZ K. GARLINGTON, | * | |
| | * | |
| Petitioner, | * | |
| | * | CASE NO. 4:07-CV-5 (CDL) |
| v. | * | |
| | * | |
| BRUCE CHATAM, Warden, | * | 28 U.S.C. § 2254 |
| | * | Habeas Corpus |
| Respondent. | * | |

## **REPORT AND RECOMMENDATION**

On June 11, 2002, Petitioner Garlington, who is currently serving a sentence in the Dooly State Prison, in Unadilla, Georgia, was found guilty in the Muscogee County Superior Court of armed robbery and possession of a firearm by a convicted felon. (R-1, p. 2). Petitioner was sentenced to serve twelve years in prison for the robbery and a consecutive term of five years in prison for the firearm charge. *Id.* Thereafter, Petitioner filed a direct appeal of his conviction with the Georgia Court of Appeals. (R-1, p. 3). On July 1, 2004, the Court of Appeals affirmed Petitioner's convictions. *See Garlington v. State*, 268 Ga. App. 264, 601 S.E.2d 793 (2004).

On June 15, 2005, Petitioner filed a state habeas petition which was ultimately denied on February 3, 2006. (R-8, Ex. 3). Petitioner's Application for Probable Cause to Appeal was thereafter denied by the Georgia Supreme Court November 20, 2006. *Id.* On January 22, 2007, the Petitioner filed the current federal habeas petition, pursuant to 28 U.S.C. § 2254. Respondent filed his Answer-Response on April 13, 2007. (R-7).

## Standard of Review

As amended April 24, 1996, by the Anti-terrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2254 presently provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.
> (e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.
> (2) If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that
> (A) the claim relies on –
> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence.

In *Williams v. Taylor,* 529 U. S. 362, 120 S. Ct. 1495 (2000), the United States Supreme Court set forth the present standard of review for claims adjudicated on the merits in state courts as established by the AEDPA in regard to state prisoner's applications for a writ of habeas corpus in the federal district courts, stating:

> In sum, § 2254(d)(1) places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court. Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied – the state-court adjudication resulted in a decision that
> (1) "was contrary to . . . clearly established Federal law, as determined by the Supreme Court of the United States," or
> (2) "involved an unreasonable application of . . . clearly established Federal Law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court but unreasonably applies that principle to the facts of the prisoner's case.

*Williams,* 120 S. Ct. at 1523. Justice O'Connor, writing for the majority of the Court, added that "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 1521. In that regard, Justice O'Connor also concluded:

> Under § 2254(d)(1)'s "unreasonable application" clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable.

*Id.* at 1522.

## Petitioner's Claim

Petitioner's application for a federal writ of habeas corpus cites only one ground for

3

relief. Specifically, Petitioner contends he was denied effective assistance of counsel during his direct appeal where his appellate counsel failed to raise the issue of the admission of a non-testifying co-defendant's statement. (Resp. Ex. 1).

In analyzing Petitioner's ineffective assistance of appellate counsel claims as argued in his state habeas petition, the state court utilized the standard in *Strickland v. Washington,* which held that with regard to trial counsel, a successful claim of ineffective assistance of counsel requires a showing that (1) the attorney's conduct fell below an objective standard of reasonableness, and (2) the attorney's deficient conduct actually prejudiced the Defendant's case. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In *Woodford v. Visciotti,* 537 U.S. 19, 24, 25, 123 S.Ct. 357, 360, 361 (2002) the United States Supreme Court held, "Under § 2254(d)'s 'unreasonable application' clause a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the state-court decision applied *Strickland* incorrectly. See *Bell v. Cone,* 535 U.S. 685, 698-699, 122 S.Ct. 1843 (2002); *Williams v. Taylor,* 529 U.S. 362, 411, 120 S.Ct. 1495 (2000). Rather it is the habeas applicant's burden to show that the state court applied *Strickland* to the facts of his case in an objectively unreasonable manner. An '*unreasonable* application of federal law is different from an *incorrect* application of federal law.' *Williams, supra,* at 410, 120 S.Ct. 1495; see *Bell, supra,* at 694, 122 S.Ct. 1843.

The United States Supreme Court has held that a right to effective assistance of *appellate* counsel, which is analogous to the right of effective assistance of *trial* counsel, attaches as of right and is limited to his first appeal. *Evitts v. Lucey*, 469 U.S. 387, 105 S.Ct.

4

830, 83 L.Ed.2d 821 (1985); *citing, Ross v. Moffitt,* 417 U.S. 600, 94 S.Ct. 2437, 41 L.Ed.2d 341 (1974). The Supreme Court, to that point in time, had never specifically stated that the *Strickland* standard applied in the appellate context, nor had it defined the definitive standards for determining claims of ineffective assistance of counsel as applied to an attorney representing a Defendant on appeal. *Id.* at 392. Then, in 1987, in *Burger v. Kemp,* where the ineffective assistance of appellate counsel issue was raised and dealt with an attorney's alleged conflict of interest, the Supreme Court based its decision on the *Strickland* standard to find that there was no ineffective assistance of counsel by the Petitioner's appellate counsel. *See, Burger v. Kemp*, 483 U.S. 776, 107 S.Ct. 3114 (1987). Specifically, the Court stated that the appellate attorney's decision "was supported by reasonable professional judgment, and thus met the standard set forth in *Strickland v. Washington.*" *Id.* at 3117.

As stated, *supra*, *Williams v. Taylor* sets out the standard utilized by this court in ruling on federal habeas petitions. The *Williams* standard denies this court the authority to give relief to a petitioner in his habeas petition unless the state court's ruling on the constitutional claim is either contrary to, or an unreasonable application of, clearly established legal precedent as decided by the United States Supreme Court, or is an unreasonable finding based on the facts of the case. *See also, Early v. Packer*, 537 U.S. 3, 7 (2002). The burden of showing that the state habeas court unreasonably applied *Strickland* to the facts of his case rests with the Petitioner. *Williams* at 410.

In the current case, Petitioner has not carried his burden of rebutting the presumption

5

of correctness as to the determination of the factual issues regarding his claims of ineffective assistance of appellate counsel. The record reveals that the Dooly County Superior Court determined that the Petitioner's appellate counsel raised all claims which he found to have merit, and, in fact, "did question the admissibility of the statements of co-defendants." (Resp. Ex. 2, p. 7). The state habeas court further found that appellate counsel's representation of Petitioner was not unreasonable nor was Petitioner prejudiced as a result of any issue counsel may have failed to raise on direct appeal. *Id.* Thus, the court found that Petitioner's claims failed to meet the standard as set out in *Strickland*. A review of that decision fails to show that it was contrary to or involved an unreasonable application of clearly established federal law, as found in *Williams v. Taylor*. As the state habeas court noted, Petitioner's counsel did raise the issue of statements made by a co-defendant which were admitted during his trial, and which was found by the Georgia Court of Appeals to be without merit. Thus, Petitioner is not entitled to relief on his claim of ineffective assistance of appellate counsel.

THEREFORE, IT IS RECOMMENDED that Petitioner's Application for Habeas Relief under 28 U.S.C. § 2244(d) be **DISMISSED.** Pursuant to 28 U.S.C. § 636 (b)(1), the parties may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE WITHIN TEN (10) DAYS after being served with a copy hereof.

**SO RECOMMENDED,** this 9th Day of May, 2007

                                      S/G. MALLON FAIRCLOTH
eSw                            UNITED STATES MAGISTRATE JUDGE